## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| CATHERINE BLACK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.   2:19-cv-12947 |
| HARLEY-DAVIDSON FINANCIAL SERVICES, INC., | ) ) ) ) |
| Defendant. | ) ) |

## **PLAINTIFF'S COMPLAINT**

Plaintiff, CATHERINE BLACK ("Plaintiff"), through her attorney, Agruss Law Firm, LLC, alleges the following against Defendant, HARLEY-DAVIDSON FINANCIAL SERVICES, INC. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Michigan Occupational Code, Mich. Comp. Law § 445.251, *et seq.* ("MOC").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

1

4. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

5. This Court has jurisdiction over Plaintiff's TCPA claim pursuant to *Mims v. Arrow Financial Svcs. LLC*, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Clinton Township, Macomb County, Michigan.

8. Plaintiff is a consumer as that term is defined by the MOC.

9. Plaintiff allegedly owes a debt as that term is defined by MOC.

10. Defendant is a debt collector as that term is defined by MOC.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a credit servicing corporation located in Carson City, Nevada.

13. Defendant is a business entity engaged in the collection of debt within the State of Michigan.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from Plaintiff originating with a motorcycle loan.

20. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

21. Within the past years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone number at xxx-xxx-8369, in an attempt to collect the alleged debt.

22. On several occasions since Defendant began calling Plaintiff, Plaintiff has spoken with one of Defendant's representatives and has requested for Defendant to stop calling her.

23. During the conversations, Plaintiff informed Defendant that the motorcycle loan does not belong to her.

24. During the conversations, Plaintiff informed Defendant that the motorcycle loan was taken out by Plaintiff's husband.

25. Despite Plaintiff's repeated requests for Defendant to stop calling, Defendant continued to place collection calls to Plaintiff's cellular telephone.

26. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

27. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

28. During several conversations, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

29. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff revoked this consent.

30. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

31. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic

telephone dialing system to call Plaintiff's cellular telephone.

32. Within 4 years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

33. Within 4 years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone in predictive mode.

34. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

35. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

36. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

37. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

38. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

39. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

40. The telephone dialer system Defendant used to call Plaintiff's cellular

telephone simultaneously calls multiple consumers.

41. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

42. Defendant's calls constitute calls that are not for emergency purposes as defined by the TCPA.

43. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

   a. Invading Plaintiff's privacy;

   b. Electronically intruding upon Plaintiff's seclusion;

   c. Intrusion into Plaintiff's use and enjoyment of her cellular telephone;

   d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of her cellular telephone; and

   e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## COUNT I
## DEFENDANT VIOLATED THE MICHIGAN OCCUPATIONAL CODE

44. Plaintiff repeats and re-alleges paragraphs 1-43 of Plaintiff's Complaint as

the allegations in Count I of Plaintiff's Complaint.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the MOC including, but not limited to, the following:

   a. Defendant violated § 445.252(a) of the MOC by communicating with a consumer in a misleading or deceptive manner, when Defendant created the false impression it could call Plaintiff unabated despite Plaintiff's repeated requests for Defendant to stop calling her; and

   b. Defendant violated § 445.252(n) of the MOC by using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to right or engaging Plaintiff in telephone conversation repeatedly and continuously, when Defendant continued to call Plaintiff after Plaintiff requested for Defendant to stop calling her.

WHEREFORE, Plaintiff, CATHERINE BLACK, respectfully requests judgment be entered against Defendant, HARLEY-DAVIDSON FINANCIAL SERVICES, INC., for the following:

46. Actual damages pursuant to the Michigan Occupational Code, Mich. Comp. Law § 445.257(2);

47. Statutory damages of $150.00 pursuant to the Michigan Occupational Code, Mich. Comp. Law § 445.257(2);

48. Costs and reasonable attorneys' fees pursuant to the Michigan Occupational Code, Mich. Comp. Law § 445.257(2); and

49. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

50. Plaintiff repeats and re-alleges paragraphs 1-43 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

51. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, CATHERINE BLACK, respectfully requests judgment be entered against Defendant, HARLEY-DAVIDSON FINANCIAL SERVICES, INC., for the following:

52. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

53. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. §

227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

54. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future; and

55. Any other relief that this Honorable Court deems appropriate.

DATED: October 8, 2019        RESPECTFULLY SUBMITTED,


By:/s/ Michael S. Agruss
    Michael S. Agruss
    SBN: 6281600
    Agruss Law Firm, LLC
    4809 N. Ravenswood Ave.
    Suite 419
    Chicago, IL 60602
    Tel: 312-224-4695
    Fax: 312-253-4451
    michael@agrusslawfirm.com
    Attorney for Plaintiff